UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 1 8 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES,**

**Plaintiff,**

**v.**

**ERNEST BERNARD MOORE,**

**Defendant/Petitioner.**

**1:09-cr-250 (RCL)**

**MEMORANDUM OPINION**

Pro se defendant/petitioner Ernest Bernard Moore ("Moore") seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (2012). Moore pleaded guilty to student aid fraud, bank fraud, and Social Security fraud on November 9, 2009. *See* Plea Agreement, ECF No. 5. Moore now argues that the United States failed to present sufficient evidence to sustain his bank fraud conviction, his trial and appellate counsel were ineffective, and that his plea agreement was accepted in violation of Federal Rule of Criminal Procedure 11. For the following reasons, Moore's motions will be denied.

## I. BACKGROUND

Moore was charged with student aid fraud, bank fraud, and Social Security fraud by criminal information on October 1, 2009. Information, ECF No. 1. The factual background of this case was detailed by the Court of Appeals for the D.C. Circuit in Moore's direct appeal. *United States v. Moore*, 703 F.3d 562, 246–48 (2012). Moore pleaded guilty to all three counts on November 9, 2009. Plea Agreement, ECF No. 5. On September 23, 2010, the Court sentenced Moore to concurrent terms of fifty months' imprisonment for all three counts, to be followed by concurrent supervised-release terms of thirty-six months on the student aid and

Social Security fraud counts and sixty months on the bank fraud count The Court also ordered Moore to pay restitution of $759,593 86 Moore appealed, and the D C Circuit affirmed the convictions and sentence on December 28, 2012 USCA Order, ECF No 55, *Moore*, 703 F 3d at 562 The United States Supreme Court denied Moore's petition for writ of certiorari on October 7, 2013 *Moore v United States*, 134 S Ct 223 (2013)

Moore filed the present motion to vacate his sentence under 28 U S C § 2255 (2012) on January 15, 2014 Mot to Vacate, ECF No 59 On January 29, 2014, Moore filed a motion for leave to file a supplement to his § 2255 motion, a motion for release on his own recognizance and to stay execution of sentence pending resolution of the § 2255 motion, and a motion for judicial notice of undisputed facts Mot for Release, ECF No 62, Mot for Leave to File Supplement, ECF No 63, Mot for Judicial Notice, ECF No 64 The United States filed their opposition to Moore's motion for release on April 28, 2014 Opp'n to Mot , ECF No 68 Moore filed his reply and a motion for leave to file excess pages on June 12, 2014 Mot for Leave to File, Reply to the United States' Opp'n, ECF No 71 On July 18, 2014, the United States filed a motion for leave to file out of time and its opposition to Moore's motion to vacate his sentence under § 2255 Mot for Leave to File, ECF No 72, Opp'n to Def 's Mot to Vacate, ECF No 73 On July 24 and July 31, 2014, Moore filed two additional motions for leave to file excess pages and replies to the United States' opposition Mot for Leave to File, Mem of P & A in Supp of Reply to Opp'n, ECF No 74, Mot for Leave to File, Am Mem of P & A in Supp of Reply to Opp'n, ECF No 79

## II. LEGAL STANDARD

A motion under § 2255 allows federal prisoners to collaterally attack an otherwise final sentence if the sentence was (1) imposed in violation of the Constitution or laws of the United

States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack § 2255(a) The petitioner bears the burden of proof and must demonstrate his right to relief by a preponderance of the evidence *United States v Simpson*, 475 F 2d 934, 935 (D C Cir 1973), *United States v Ashton*, 961 F Supp 2d 7, 11 (D D C 2013) Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments *Ashton*, 961 F Supp 2d at 11 (citing *United States v Zakas,* 793 F Supp 2d 77, 79–80 (D D C 2011)) Thus, a motion to vacate under § 2255 is "neither a second chance at appeal nor is it a substitute for direct appeal " *Id* A defendant is therefore required to show "a good deal more than would be sufficient on a direct appeal" to gain collateral relief *United States v Pollard*, 959 F 2d 1011, 1020 (D C Cir 1992), *see United States v Frady,* 456 U S 152, 166 (1982) ("To obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal ")

**A. Claims Not Raised on Direct Appeal**

Claims not raised on direct appeal are generally procedurally barred to a defendant and may not be raised on collateral attack *Massaro v United States*, 538 U S 500, 504 (2003) This judicial doctrine is designed to conserve judicial resources and protect the law's interest in the finality of judgments *Id* If a defendant fails to raise a claimed trial error on direct review, the claim may be raised for collateral review if defendant can first demonstrate that there was sufficient "cause" to excuse his procedural default and that "actual prejudice" resulted from the errors of which he complains or that he is "actually innocent " *Id* , *Frady*, 456 U S at 167–68, *United States v Washington*, 373 Fed App'x 80, 80 (D C Cir 2010), *United States v Pettigrew*, 346 F 3d 1139, 1144 (D C Cir 2003)

To demonstrate "cause" a defendant must prove that some "objective factor external to the defense" impeded efforts to raise an issue in trial or on direct appeal *Murray v Carrier*, 477 U S 478, 488 (1986) For example, a defendant may show cause by demonstrating that some "factual or legal basis for a claim was not reasonably available to counsel," or that "some interference by officials made compliance impracticable " *Id* (internal citations and quotation marks omitted) Once "cause" is shown, a defendant must show that errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions " *Pettigrew*, 346 F 3d at 1144 (citing *Frady*, 456 U S at 170) At the very least, a defendant must show that "there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different " *Id* (citing *Strickland v Washington*, 466 U S 668, 694 (1984), *United States v Dale*, 140 F 3d 1054, 1056 n 3 (D C Cir 1998))

The Court may also consider a procedurally barred claim if a defendant can demonstrate that a constitutional error "has probably resulted in the conviction of one who is actually innocent " *Bousley v United States*, 523 U S 614, 621 (1998) (citing *Murray*, 477 U S at 496) "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him " *Id* at 623, *United States v Baxter*, 761 F 3d 17, 27 (D C Cir 2014), *United States v Caso*, 723 F 3d 215, 218–19 (D C Cir 2013)

**B. Claims Argued and Decided on Defendant's Direct Appeal**

A federal prisoner cannot raise collaterally any issue litigated and adjudicated on direct review, absent exceptional circumstances *Davis v United States*, 417 U S 333, 342 (1974) (holding that upon intervening change in law, defendant may collaterally relitigate a decided issue), *United States v Greene*, 834 F 2d 1067, 1070–71 (D C Cir 1987) Claims that

have already been raised and rejected on direct review typically will not be entertained in a § 2255 motion *Id* , *Garris v Lindsay,* 794 F 2d 722, 726–27 (D C Cir 1986)

**C. Ineffective Assistance of Appellate Counsel**

The standard for assessing ineffective assistance of counsel, both trial and appellate, is set out in *Strickland v Washington* *Smith v Robbins*, 528 U S 259, 285 (2000), *Peete v United States*, 942 F Supp 2d 51, 54 (D D C 2013) Under this two-factor test, a defendant must demonstrate "that (1) his counsel's performance 'fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different '" *United States v Wright*, No 13-cr-94, 2014 WL 3919619, at *2 (D D C Aug 12, 2014) (quoting *Strickland v Washington,* 466 U S 668, 687–88 (1984)) "A reasonable probability is a probability sufficient to undermine confidence in the outcome " *Strickland*, 466 U S at 694, *United States v Thompson,* 721 F 3d 711, 713 (D C Cir 2013) A defendant must make the required showing of both deficient performance and sufficient prejudice in order to support an ineffectiveness claim *Strickland*, 466 U S at 700

**III. ANALYSIS**

**A. Moore's Claim of Insufficient Evidence of Bank Fraud is Procedurally Barred.**

Moore did not raise his claim of insufficient evidence in his direct appeal to the D C Circuit Relief is now available only if he can demonstrate "cause" for the procedural default and "prejudice" that infected his trial, or that he is "actually innocent " Moore has not established either Moore argues that he did not know that the lenders he defrauded did not meet the definition of "financial institution" under 18 U S C §§ 20, 1813(c)(2) at the time of his guilty plea Am Mem of P & A in Supp of Reply to Opp'n 12, ECF No 79 This argument is

unavailing because the factual basis for the bank fraud charge was set out in the criminal information and Moore was present when the United States presented its evidence A claim of factual insufficiency was available to Moore and his counsel at the time of the plea hearing and at time of direct appeal Further, Moore has provided no evidence of new circumstances or external obstructions that prevented him from timely pursuing this claim on direct appeal Without a demonstrated "cause" for failure to raise a claim during a direct appeal, the Court need not consider the prejudice of the purported trial errors *Frady*, 456 U S at 168, *United States v Hughes*, 514 F 3d 15, 17 (D C Cir 2008)

Moore also fails to meet the "actual innocence" exception Moore argues that the lenders he defrauded—Sallie Mae, EduCap Inc , The Student Loan Corporation, and First Marblehead/The Education Resource Institute—were not "financial institutions" and thus he could not be convicted under 18 U S C § 1344 Am Mem of P & A in Supp of Reply to Opp'n 15, ECF No 79 Moore, however, ignores subsection (b) of the statute it is a crime "to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises " 18 U S C § 1344(b) Moore obtained money and property "owned by, or under the custody or control" of four separate financial institutions Chase, Bank of America, Citibank, and JP Morgan Chase

Sallie Mae, EduCap Inc , The Student Loan Corporation, and First Marblehead/The Education Resource Institute are all wholly-owned subsidiaries of Chase, Bank of America, Citibank, and JP Morgan Chase, respectively, and Moore does not dispute this relationship Am Mem of P & A in Supp of Reply to Opp'n 14, ECF No 79, Opp'n to Def 's Mot to Vacate 9 n 2, ECF No 73 This Circuit has found that it is natural to attribute a subsidiary's assets to the

parent, such that a loss to the wholly-owned subsidiary would constitute a loss to the parent *United States v Hall*, 613 F 3d 249, 252 (D C Cir 2010) (citing *United States v White*, 882 F 2d 250, 253 (7th Cir 1989)), *see United States v Walsh*, 75 F 3d 1, 9 (1st Cir 1996) (noting that a defendant can violate § 1344 by submitting the dishonest loan application to a wholly-owned subsidiary entity which is not itself a federally insured institution) The Circuit has further held that a loss to an operating subsidiary, where the parent company has only a majority or controlling interest, also constitutes a loss to the parent *Hall*, 613 F 3d at 252 Thus, the United States' evidence was sufficient to support Moore's conviction for bank fraud

**B. Moore's Ineffective Assistance of Trial Counsel and Violation of Rule 11 Claims are Procedurally Barred.**

Moore claimed in direct appeal of his conviction that his trial counsel was ineffective and that he was prejudiced at sentencing *Moore*, 703 F 3d at 565 Moore also asserted that the trial judge's error during the plea colloquy and the United States' Presentence Report criminal history calculations made his acceptance of the plea agreement unknowing and involuntary in violation of Federal Rule of Criminal Procedure 11 [1] *Id* The D C Circuit evaluated both of Moore's claims and rejected them "[T]he conclusion that Moore draws from his critique of trial counsel—*i e*, that counsel's ineffective representation prejudiced Moore at sentencing—has not been demonstrated " *Id* at 575 Instead, Moore's "conclusory claims come nowhere close to overcoming the strong presumption that appellant's counsel rendered adequate assistance

[1] Moore also argues that he is "actually innocent" of student aid fraud because he did not "convert" the funds he received for his own personal use Mot for Release 19–25, ECF No 62 As noted by the United States in their opposition brief, the D C Circuit reviewed this matter on direct appeal The Circuit determined that the trial court's mistake during the plea colloquy, inaccurately describing the crime of misapplying student aid funds, did not diminish Moore's awareness that he was pleading guilty to obtaining student aid funds by fraud Opp'n to Def 's Mot to Vacate 12 n 4, ECF No 73 Further, Moore abandoned this argument in his replies and the claim will be denied

[A]ppellant has not shown a reasonable probability that, absent these 'deficiencies,' appellant would have received a different sentence " *Id*

The D C Circuit also found that "the District Court undoubtedly erred during the plea colloquy when it incorrectly described the nature of the charge covered by Count One," but that the "trial judge's error did not affect Moore's substantial rights " *Id* at 570 Despite this error, Moore had not "show[n] a reasonable probability that, but for the error, he would not have entered the plea " *Id* (citing *United States v Dominguez Benitez,* 542 U S 74, 83 (2004), *United States v Robinson,* 587 F 3d 1122, 1130 (D C Cir 2009)) With regards to the criminal history calculations, the D C Circuit determined that Moore's counsel waived his objection to the Presentence Report during sentencing, and "[t]he District court was entitled to rely on counsel's withdrawal of his earlier objection " *Id* at 572 Finally, Moore has not provided any evidence that would warrant reconsideration of his previous claims Because Moore has already taken the opportunity to raise these issues, and they were rejected by the D C Circuit, he may not raise them again in a collateral attack

**C. Moore's Claim of Ineffective Assistance of Appellate Counsel is Without Merit.**

Moore argues that his appellate counsel was ineffective because he failed to raise the United States' breach of Moore's plea agreement on appeal [2] Mot for Release 40–41, ECF No 62 However, appellate counsel did raise this matter and it was rejected by the D C Circuit

[2] Moore expands his argument in his most recent reply brief, arguing that his appellate counsel was ineffective because he failed to raise Moore's claim of actual innocence Am Mem of P & A in Supp of Reply 23–24, ECF No 79 This argument is unavailing "Appellate counsel may use professional judgment to determine which claims to raise on appeal *Curtis v United States*, 630 F Supp 2d 77, 82 (D D C 2009) (citing *Jones v Barnes*, 463 U S 745, 751 (1983)) Appellate counsel should select claims "to maximize the likelihood of success on appeal " *Smith v Robbins,* 528 U S 259, 288 (2000) For the reasons discussed above, the D C Circuit has found that a loss to a wholly-owned subsidiary would constitute a loss to the parent company for the purposes of 18 U S C § 1344 Appellate counsel may have decided not to raise the claim as a legitimate exercise of his professional judgment Even if Moore demonstrated that appellate counsel was deficient, which he has not, he still has not demonstrated "a reasonable probability that, but for his counsel's unreasonable failure, he would have prevailed on his appeal " *Id* at 285

Appellate counsel attempted to challenge the tnal court's acceptance that the cnminal history calculation was "undisputed " The D C Circuit noted that Moore's tnal counsel altered the terms of the plea agreement dunng the sentencing heanng by withdrawing his objection to defendant's cnminal history calculation, and it declined to review the claim *Moore*, 703 F 3d at 571–72 Thus, Moore fails to demonstrate that his counsel was ineffective, or that Moore was prejudiced by his ineffective representation, as required by *Stnckland* Moore's claim of ineffective assistance of appellate counsel will be denied

## IV. CONCLUSION

For the foregoing reasons, Moore's motion to vacate, set aside, or correct his sentence under 28 U S C § 2255 will be denied Moore's motion for release and to stay execution of sentence and motion for judicial notice of undisputed facts will be dismissed as moot Further, Moore's motion for leave to file a supplement to his motion to vacate, the United States' motion for leave to file, and Moore's motions for leave to file excess pages will be granted and will be considered filed as of this date A separate Order accompanies this Memorandum Opinion

Signed this 18th day of December 2014

ROYCE C LAMBERTH
United States District Court